## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**HANK SPENCER,**

     **Petitioner,**　　　　　　　**CASE NO. 2:09-CV-149**
　　　　　　　　　　　　　　　　　**JUDGE HOLSCHUH**
**v.**　　　　　　　　　　　　　**MAGISTRATE JUDGE ABEL**

**ROBIN KNAB, Warden,**

     **Respondent.**

### ORDER and
### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Petitioner's motion for judicial notice, Doc. No. 15, is **DENIED**.

### MOTION FOR JUDICIAL NOTICE

Petitioner requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence,[1] that the State failed to submit any evidence to establish his guilt

---

[1] Rule 201 of the Federal Rules of Evidence provides:

Judicial Notice of Adjudicative Facts

(a) Scope of rule. This rule governs only judicial notice of adjudicative facts.

(b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

of the charge of burglary, and that the evidence reflected solely that he was guilty of receiving stolen property.  See Doc. No. 15.

Petitioner's conviction, after a jury trial, on burglary has been affirmed in the Ohio Court of Appeals and by the Ohio Supreme Court.  His request that this Court take judicial notice that he is  actually innocent of this charge is not appropriate in these proceedings. His argument that the evidence was constitutionally insufficient to sustain his convictions has never been presented to the state courts.  For the reasons discussed, *infra,* his claim of insufficiency of the evidence therefore may not now be properly considered by this Court and the record fails to reflect that petitioner is the victim of a manifest miscarriage of

---

(c) When discretionary. A court may take judicial notice, whether requested or not.

(d) When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.

(e) Opportunity to be heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

(f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding.

(g) Instructing jury. In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

justice.

Petitioner's motion for judicial notice, Doc. No. 15, therefore is **DENIED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Fourth District Court of Appeals summarized the facts and procedural

history of this case as follows:

> A review of the record reveals that the Ross County Court of Common Pleas sentenced Appellant to serve a term of eight years in prison, as well as an additional period of post-release control, after a jury found him guilty of burglary, a felony of the second degree, in violation of R.C. 2911.02. The charge against Appellant was brought in connection with an incident that occurred on February 10, 2005. On that date, Emily Beam, fifteen years of age, returned home from school in the early afternoon. At about 2:15 p.m., while in the basement doing her homework on the computer, Emily heard noises coming from upstairs. When Emily went upstairs to investigate, she saw an intruder dart from one room of the house to another and then exit through the sliding glass doors into the back yard.
>
> Although Emily testified that she did not see the intruder's face and only noticed that the intruder was wearing boots while the intruder was in the house, Emily also testified that once the intruder exited the house, she was able to observe him as he left the backyard. At trial, Emily testified, in accordance with her prior statement to the police on the day of the incident, that the intruder was wearing a dark-colored, hooded sweatshirt and jeans. Emily further testified that after the intruder left the house, she noticed that the items in her mother's night stand had been "scattered" and that several items were missing, including some rings. Emily's mother, Michele Beam, testified that six of her rings were stolen that day, all of which she was able to inventory and describe for the officer investigating the incident.
>
> Janet Immel, the manager of an apartment complex located approximately one block from the Beam residence also testified

3

during the trial. Ms. Immel testified that at about 2:30 p.m. on February 10, 2005, she noticed a suspicious individual, who was not a resident of the apartment complex, attempting to climb over a chain-link and barbwire fence on the property. She testified that she confronted the individual, who was wearing a brownish-tan Carhart-type hooded jacket, with the hood pulled up tight, and brownish-black tennis shoe or boot-like shoes. Ms. Immel testified that she instructed the individual to leave, which he eventually did, but only after she followed him for some time. She then proceeded to notify the police, as well as get into her car to pursue him. When law enforcement responded, statements were taken from both Emily Beam and Janet Immell.

Later that day, at approximately 6:30 p.m., police responded to a call at a Tim Horton's restaurant in the general vicinity of the burglary and incident at the apartment complex. Apparently a man had entered the restaurant, the time at which was unknown, and had either fallen asleep or passed out while seated at a table. When the police were contacted by restaurant personnel, the man had been at the restaurant for several hours. The responding officer recognized the man as Hank Spencer and arrested him based upon outstanding, unrelated warrants. Upon being searched in connection with the booking on the outstanding warrants, six rings were found in Appellant's pockets. Appellant's clothing was then confiscated, which included a pair of blue jeans, camouflaged hiking boots, a sweatshirt and a brown Carhart jacket.

Michele Beam subsequently identified the rings found in Appellant's pockets as the rings taken from her home. Likewise, Janet Immel picked Appellant out of a photograph line-up as the individual she ordered out of the apartment complex on the day in question. Further, footprints found in the snow outside of the Beam residence appeared to match footprints found in the apartment complex, which all appeared to match the boots worn by Appellant. Appellant's clothing and boots were entered into evidence, as were photographs of the footprints that were found. Based upon the evidence before it, the jury found Appellant guilty of the burglary and the trial court sentenced Appellant to an eight year term of

4

> imprisonment, as well as an additional period of post-release control.

*State v. Spencer*, 2008 WL 3582813 (Ohio App. 4th Dist. August 12, 2008).  Petitioner filed

a timely appeal, in which he asserted the following assignments of error:

> I. THE TRIAL COURT ERRED WHEN IT ADMITTED PREJUDICIAL OTHER ACTS EVIDENCE REGARDING UNRELATED WARRANTS, DENYING MR. SPENCER HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL.
>
> II. THE TRIAL COURT DENIED MR. SPENCER DUE PROCESS OF LAW, BY SENTENCING HIM TO A MAXIMUM TERM OF IMPRISONMENT, IN VIOLATION OF THE EX POST FACTO DOCTRINE.
>
> III. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBJECT TO IMPERMISSIBLE PREJUDICIAL TESTIMONY AND TO THE IMPOSITION OF AN UNCONSTITUTIONAL SENTENCE.

On August 12, 2008, the Court of Appeals affirmed the trial court's judgment.  *Id*.  On

January 28, 2009, the Ohio Supreme Court dismissed petitioner's subsequent appeal.  *State*

*v. Spencer*, 120 Ohio St.3d 1488 (2009).

On February 27, 2009, petitioner filed the instant *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  He alleges that he is in the custody of the respondent

in violation of the Constitution of the United States based upon the following grounds:

> 1.  The trial court denied petitioner due process of law by sentencing him to a maximum term of imprisonment in violation of the Ex Post Facto doctrine.
>
> 2.  The trial court erred when it admitted prejudicial other acts evidence regarding unrelated warrants, denying petitioner his rights to due process and a fair trial under the 14th Amend-

ment to the U.S. Constitution.

3.  Trial counsel provided ineffective assistance of counsel by failing to object to impermissible, prejudicial testimony, and to the imposition of an unconstitutional sentence under the Sixth and 14th Amendments to the United States Constitution[].

It is the position of the respondent that petitioner's claims are waived or without merit.

## CLAIM ONE

In claim one, petitioner asserts that he was denied due process and sentenced in violation of the Ex Post Facto Clause when the trial court sentenced him to the maximum term of incarceration for his offense of conviction after *State v. Foster*, 109 Ohio St.3d 1 (2006)(excising unconstitutional fact finding provisions of Ohio's sentencing statutes under *Blakely v. Washington*, 542 U.S. 296 (2004).  The state appellate court rejected this claim as follows:

> Appellant contends, in his second assignment of error, that the trial court denied him due process of law by sentencing him to a maximum term of imprisonment, which he asserts is in violation of the ex post facto doctrine. Appellant asserts that the specific issue for review is whether the retrospective application of revised sentencing statutes falls within the ex post facto prohibition, when the revised laws are applied to events occurring before the revision, to Appellant's disadvantage. Appellant acknowledges that this Court has addressed a similar claim in *State v. Kerns,* Scioto App. No. 06CA3124, 2007-Ohio-3881. Appellant claims that he makes this argument in good faith in order to preserve the issue for further review and asks this Court to reconsider our holding in *Kerns,* supra.

> As noted in *Kerns,* supra, we have previously considered the ex post facto and due process arguments and have rejected them each time. See *State v. Bruce,* Washington App. No. 06CA40, 2007-Ohio-1938 at ¶ 6; *State v. Henry,* Pickaway App. No.

06CA8, 2006-Ohio-6942 at ¶ ¶ 11-12; *State v. Grimes,* Washington App. No. 04CA17, 2006-Ohio-6360 at ¶ ¶ 8-11. Other Ohio appellate courts have rejected these arguments as well. See *State v. Mallette,* Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; *State v. Lowe,* Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; *State v. Shield,* Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23; *State v. Hildreth,* Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶¶ 10. Although Appellant respectfully requests that this Court reconsider our prior reasoning in Kerns, he cites nothing to prompt us to re-visit our decisions and we continue to adhere to *Kerns, Bruce, Henry* and *Grimes.* Additionally, as explained in Kerns, supra, "even assuming for purposes of argument that the Ohio Supreme Court's ruling in *Foster* may arguably be unconstitutional, we are nevertheless bound by *Foster.*" *Kerns* at ¶ 8; Citations omitted. For these reasons, we find no merit in Appellant's second assignment of error.

*State v. Spencer, supra.*

Under 28 U.S.C. § 2254(e)(1), the state court's factual findings are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Additionally, the state court's decision is binding on this Court unless that decision is

contrary to or involves an unreasonable application of clearly established federal law as

determined by the United States Supreme Court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the

adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). Petitioner cannot meet this standard here.

In *Hooks v. Sheets,* 603 F.3d 316, 2010 WL 1655578 (6th Cir. April 27, 2010), the United States Court of Appeals for the Sixth Circuit rejected the same argument presented by petitioner herein, at least as it applies to imposition of consecutive terms of incarceration. Further, petitioner's argument has been repeatedly rejected by state and federal courts. As noted by the United States District Court for the Southern District of Ohio, Western Division, in *Dickens v. Brunsman,* 2009 WL 3199066 (S.D. Ohio September 29, 2009):

Petitioner's claim that the retroactive application of the *Foster* remedy to correct constitutional infirmities in Ohio's sentencing statutes constitutes a violation of the Constitution's Ex

8

Post Facto and Due Process Clauses has been thoroughly discussed and uniformly rejected by this Court and other federal district and state courts in Ohio. *See, e.g., Hooks v. Sheets,* No. 1:07cv520, 2008 WL 4533693, at *3-5, *13-19 (S.D.Ohio Oct.3, 2008) (Beckwith, J.; Hogan, M.J.) (unpublished) (and cases cited therein); *see also Wright v. Warden, Pickaway Corr. Inst.,* --- F.Supp.2d ----, No. 1:07cv1022, 2009 WL 1850170, at *1, *23-25 (S.D.Ohio June 25, 2009) (Barrett, J.; Hogan, M.J.) (to be published) (and cases cited and quoted therein); *Kelley v. Brunsman,* ---F.Supp.2d ----, No. 1:08cv71, 2009 WL 1617774, at *5-6, *17-18 (S.D.Ohio June 9, 2009) (Spiegel, J.; Hogan, M.J.) (to be published); *Smith v. Brunsman,* --- F.Supp.2d ----, No. 1:07cv878, 2009 WL 530113, at *1, *4-8 (S.D.Ohio Feb.27, 2009) (Barrett, J.; Black, M.J.) (to be published) (noting that "both the federal district courts and Ohio courts have rejected ex post facto challenges to the Foster decision").FN8

FN8. *See also Rettig v. Jefferys,* 557 F.Supp.2d 830, 841 (N.D.Ohio 2008) (Polster, J.; McHargh, M.J.) (citing Ohio cases "uniformly reject [ing] ex post facto challenges to the *Foster* decision"); *Smith v. Welch,* No. 3:08cv2917, 2009 WL 2167863, at *1-3, *13-16 (N.D.Ohio July 17, 2009) (Economus, J.; Vecchiarelli, M.J.) (unpublished); *Schaub v. Brunsman,* No. 1:08cv2522, 2009 WL 2143746 (N.D.Ohio July 16, 2009) (Boyko, J.; Perelman, M.J.) (unpublished); *Mason v. Brunsman,* No. 1:07cv1020, 2009 WL 2169035, at *8-9, *34-37 (S.D.Ohio July 16, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished); *Clagg v. Wolfe,* No. 2:08cv144, 2009 WL 1424427, at *1-6 (S.D.Ohio May 20, 2009) (Sargus, J.) (unpublished); *Pena v. Cooper,* No. 2:08cv195, 2009 WL 1324046, at *1, *16-19 (S.D.Ohio May 12, 2009) (Smith, J.; Abel, M.J.) (unpublished); *Newman v. Wilson,* No. 5:08cv483, 2009 WL 1212262, at *1, *11-12 (N.D.Ohio Apr.30, 2009) (Oliver, J.; Perelman, M.J.) (unpublished) (and cases cited therein); *Trewartha v. Brunsman,* No. 2:07cv981, 2009 WL 614963, at *1, *10-13 (S.D.Ohio Mar.5, 2009) (Holschuh, J.; Abel, M.J.) (unpublished); *Haning v. Wolfe,* No. 2:07cv1093, 2009 WL 541156, at *1, *3-5 (S.D.Ohio Feb.27, 2009) (Watson, J.; Abel, M.J.) (unpublished) (and cases cited therein). *Cf. Turner v. Warden, Noble Corr. Inst.,* No. 1:08cv309, 2009 WL 866841, at *2, *9 (S.D.Ohio Mar.31, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished) (although the court held that *Foster* did not

apply to the petitioner's sentence, it noted that "both the federal courts and Ohio courts have rejected ex post facto challenges to the *Foster* decision"); *Collins v. Warden,* Chillicothe Corr. Inst., No. 3:06cv256, 2008 WL 728390, at *1, *8-9 (S.D.Ohio Mar.17, 2008) (Rice, J.; Merz, M.J.) (unpublished) (holding that "[w]hile Petitioner's original sentence violated *Blakely,* his new sentence [under the *Booker* remedy adopted in *Foster*] did not," and that "[n]othing in the United States Constitution calls such a sentence into question").

*Id.* This Court agrees with the reasoning of those courts.

> Under the Ex Post Facto Clause of the United States Constitution, a state is prohibited from passing a law that (1) "makes an action done before the passing of the law, and which was innocent when done, criminal;" (2) "aggravates a crime, or makes it greater than it was, when committed;" (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed;" and (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender."

> *Rogers v. Tennessee,* 532 U.S. 451, 456 (2001) (quoting *Calder v. Bull,* 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798) (Chase, J.)); see also U.S. Constit. Art. I, § 10. As petitioner apparently concedes (see Doc. 14, p. 11), Ex Post Facto Clause concerns are not triggered in the case-at-hand because "by its very text [the clause] applies only to a limitation on the powers of the legislature and not to judicial decisions." *McGhee v. Konteh,* No. 1:07cv1408, 2008 WL 320763, at *10 (N.D.Ohio Feb.1, 2008) (unpublished); *see also Rogers*, 532 U.S. at 456, 460 (refusing to extend the strictures of the Ex Post Facto Clause to judicial decisions "through the rubric of due process").

> Nevertheless, the Fourteenth Amendment's Due Process Clause does limit ex post facto judicial decision-making. *Rogers*, 532 U.S. at 456. Although the Due Process Clause does not incorporate the specific prohibitions of the Ex Post Facto Clause, retroactive judicial decision-making must comport with "core due process concepts of notice, foreseeability, and,

in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459 (citing *Bouie v. City of Columbia,* 378 U.S. 347, 351, 352, 354-55, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964)); *see also United States v. Barton,* 455 F.3d 649, 654 (6th Cir.) ("when addressing ex post facto-type due process concerns, questions of notice, foreseeability, and fair warning are paramount"), cert. denied, 549 U.S. 1087, 127 S.Ct. 748, 166 L.Ed.2d 579 (2006).

Here, petitioner is unable to prevail on any claim that he lacked sufficient notice or "fair warning," because *Blakely, Booker,* and *Foster* did not change the elements necessary to convict petitioner ... and petitioner was aware of the potential penalties he faced ... [B]oth before and after *Foster,* petitioner was on notice and thus had "fair warning" of the potential penalties he faced and of the trial court's discretion to impose those penalties.

*Hooks v. Sheets,* 2008 WL 4533693 (S.D.Ohio October 3, 2008); *see also Trewartha v. Brunsman,* 2009 WL 614963 (S.D. Ohio March 5, 2009); *Smith v. Wilson,* 2008 WL 4758696 (N.D. Ohio October 29, 2008) (same). This same reasoning applies here. Petitioner faced the same penalty ranges in sentences for his conviction prior to and after *Foster*. The trial court's imposition of the maximum term of incarceration after *Foster* did not violate the Due Process Clause or Ex Post Facto Clause.

Claim one is without merit.

## CLAIM TWO

**Procedural default.** Respondent argues that claim two is procedurally defaulted because petitioner did not object to the admission of the other acts evidence at trial. In recognition of the equal obligation of the state courts to protect the constitutional rights of

criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982) ( *per curiam* ); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required

to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

**Claim two is procedurally defaulted.** In claim two, petitioner asserts that he was denied a fair trial due to admission of unduly prejudicial other acts evidence. The state appellate court reviewed this claim for plain error only due to petitioner's failure to object at trial:

> Appellant contends that the trial court erred when it admitted prejudicial other acts evidence regarding unrelated warrants, denying Appellant his rights to due process and a fair trial. Appellant contends that the specific issue presented is whether the trial court erred when it permitted a law enforcement officer to provide testimony concerning outstanding, unrelated warrants involving Appellant, which Appellant argues conveyed to the jury that Appellant had a criminal history and was, therefore, more likely to have committed the offense in the present case.
>
> In addition to the trial testimony of the arresting officer, Appellant also takes issue with the State's mention of the existence of outstanding, unrelated warrants during both opening and closing arguments. However, the record reveals and Appellant concedes that Appellant's trial counsel did not object to these statements during trial. Appellee contends that the evidence regarding the existence of outstanding, unrelated warrants was not offered for the purpose of showing the defendant's character or his propensity to crime, but rather "simply completed the story of the investigation in this case." Appellee further asserts that this information explained why Appellant was arrested and subjected to a full search after simply being found asleep at a restaurant and thus was ad-

missible. We agree with Appellee. Further, because Appellant's trial counsel did not object to the admission of the officer's testimony, or to the statements made by the prosecutor during opening and closing arguments, Appellant has waived all but plain error.

Initially, we note that admission or exclusion of evidence rests within the sound discretion of the trial court, and absent an abuse of discretion, an appellate court will not disturb a trial court's ruling regarding admissibility of evidence. *State v. Dickess,* 174 Ohio App.3d 658, 2008-Ohio-39, 884 N.E.2d 92. As correctly noted by Appellant, Ohio Evidence Rules 404(B) and 403(A) govern the admission of other acts evidence. Specifically, Evid.R. 404(B) provides as follows:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

Further, Evid.R. 403(A) provides that although it may be relevant, evidence of other acts is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

Under Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." As we previously explained in *State v. Abernathy,* Scioto App. No. 07CA3160, 2008-Ohio-2949, for a reviewing court to find plain error, the following three conditions must exist: (1) an error in the proceedings; (2) the error must be plain, i.e. the error must be an "obvious" defect in the trial proceedings; and (3) the error must have affected "substantial rights," i.e., the trial court's error must have affected the outcome of the trial. See, e.g., *State v. Noling,* 98 Ohio St.3d 44, 56, 2002-Ohio-7044, 781 N.E.2d 88; *State v. Barnes,* 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240; *State v. Sanders* (2001), 92 Ohio St.3d 245, 257, 750 N.E.2d

14

90; *State v. Hill* (2001), 92 Ohio St.3d 191, 200, 749 N.E.2d 274. Furthermore, the Supreme Court of Ohio has stated that Crim .R. 52(B) is to be invoked "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Landrum* (1990), 53 Ohio St.3d 107, 111, 559 N.E.2d 710; see, also, *State v. Long* (1978) 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. A reviewing court should consider noticing plain error only if the error " ' " seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." ' " *Barnes*, 94 Ohio St.3d at 27, 759 N.E.2d 1240 (quoting *United States v. Olano* (1993), 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508, quoting *United States v. Atkinson* (1936), 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555.

Similarly, with respect to Appellant's assertion that plain error exists regarding the statements made by the prosecution during opening and closing arguments, we note that "[w]e may invoke the plain error rule only if we find (1) that the prosecutor's comments denied appellant a fair trial, (2) that the circumstances in the instant case are exceptional, and (3) that reversal of the judgment below is necessary to prevent a miscarriage of justice." *State v. McGee*, Washington App. No. 05CA 60, 2007-Ohio-426, at ¶ 15, citing *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. The plain error doctrine permits correction of judicial proceedings only when error is clearly apparent on the face of the record and is prejudicial to the appellant.

Assuming arguendo that the evidence that was admitted from the arresting officer and statements by the prosecution were objectionable and should have been brought to the attention of the trial court by Appellant's trial counsel, we cannot say that such evidence and comments deprived Appellant of a fair trial or that "a reasonable probability exists that, but for the prosecutor's remarks, the result of the proceeding would have been different." *State v. Jones*, Scioto App. No. 06CA3116, 2008-Ohio-968 at ¶ 28. Aside from these comments, there was ample evidence from which the jury could conclude that Appellant had committed the burglary at issue. Both Emily Beam and

15

Janet Immel were able to describe the clothing and shoes worn by Appellant on the day he was arrested. The boots Appellant was wearing matched the footprints found at the Beam residence as well as the apartment complex. Further, a search of Appellant revealed that all six rings stolen from the Beam residence just hours before were in his jacket pockets. Thus, we do not find any plain error. Accordingly, we find that Appellant's first assignment of error lacks merit.

*State v. Spencer, supra.*

The United States Court of Appeals for the Sixth Circuit has held that plain error review does not constitute a waiver of the state's procedural default rules. *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir.2000).

Ohio has a contemporaneous objection rule under which an appellant who fails to object waives later review of the issue unless plain error can be shown. *Williams v. Bagley,* 380 F.3d 932, 968 (6th Cir.2004), *cert. denied,* 544 U.S. 1003, 125 S.Ct. 1939, 161 L.Ed.2d 779 (2005) (citing *State v. Smith,* 89 Ohio St.3d 323, 332, 731 N.E.2d 645 (2000)). The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Id.; Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir.2001); *Stojetz v. Ishee,* 2006 WL 328155 *12 (S.D.Ohio Feb.10, 2006).

A state court's review of an issue for plain error is considered by the Sixth Circuit as the enforcement of a procedural default. *Williams,* 380 F.3d at 968; *Hinkle,* 271 F.3d at 244. The federal court, in determining whether a state court has relied on a procedural rule to bar review of an issue, examines the latest reasoned opinion of the state courts and presumes that later courts enforced the bar instead of rejecting the claim on the merits. *Hinkle,* 271 F.3d at 244 (citing *Ylst, v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)).

16

*Adams v. Bradshaw,* 484 F.Supp.2d 753, 771 (N.D. Ohio 2007). Therefore, petitioner has waived claim two for federal habeas corpus review.[2]

Petitioner may still may obtain review of this claim on the merits if he establishes cause for his procedural default, as well as actual prejudice from the alleged constitutional violation.

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753 (1991).

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir.2003).

As cause for his procedural default, petitioner asserts the ineffective assistance of counsel. He raises this same issue in claim three of his habeas corpus petition.

The constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted. *Edwards v. Carpenter,* 529 U.S. 446, 451-52 (2000), citing *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986).

The state appellate court rejected petitioner's claim of ineffective assistance of

---

[2] Respondent additionally argues that claim two is inappropriate for federal habeas corpus review, that petitioner failed fairly to present claim two to the state courts as a federal claim, and that the claim is without merit. *See Return of Writ.* This Court need not address these arguments here, since, in any event, the Court concludes that the claim is procedurally defaulted.

counsel as follows:

> Appellant contends that trial counsel provided ineffective assistance of counsel by failing to object to impermissibly prejudicial testimony and to the imposition of an unconstitutional sentence. With respect to this third and final assignment of error, Appellant contends that there are two issues to be considered. First, Appellant asks whether trial counsel provided ineffective assistance by failing to object to impermissibly prejudicial other acts testimony as well as the State's discussion of that testimony. Second, Appellant asks whether trial counsel provided ineffective assistance by failing to object to the imposition of a sentence that is based upon revised laws that are applied to events occurring before the revision, when it disadvantaged defendant. We must begin our review of Appellant's assigned error by considering the test for determining ineffective assistance of counsel.

> To obtain the reversal of a conviction on grounds of ineffective assistance of counsel, an appellant must show (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial. *State v. Shepherd*, Scioto App. No. 3106, 2008-Ohio-3350; citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Issa* (2001), 93 Ohio St.3d 49, 67, 2001-Ohio-1290, 752 N.E.2d 904. To demonstrate prejudice, an appellant must show a reasonable probability exists that, but for the alleged errors, the result of the proceeding would have been different. *State v. White* (1998), 82 Ohio St.3d 16, 23, 1998-Ohio-363, 693 N.E.2d 772; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.

> With respect to the first issue raised by Appellant, because the trial court did not err by imposing a non-minimum sentence, Appellant cannot show that trial counsel was constitutionally ineffective for failing to raise this argument. *Shepherd,* supra. Further, because the imposition of a non-minimum sentence in this case did not violate due process and ex post facto principles, Appellant cannot show either a deficient performance

> or prejudice. With respect to the second issue that has been raised, Appellant has failed to demonstrate that but for the admission of other acts evidence he would not have been convicted. Thus, he is unable to demonstrate any prejudice as a result of trial counsel's failure to object to the other acts evidence admitted at trial. Therefore, and in light of our dispositions of Appellant's first and second assignments of error, we find no merit in Appellant's third assignment of error.

*State v. Spencer, supra.* Again, the record fails to reflect that the state appellate court's decision is unreasonable so as to warrant federal habeas corpus relief. 28 U.S.C. § 2254(d), (e); *Williams v. Taylor, supra.*

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington, supra*, 466 U.S. at 687; *see also Blackburn v. Foltz,* 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.,* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland,* 466 U.S. at 697.

Petitioner cannot meet this standard here. He cannot establish the ineffective assistance of counsel based upon his attorney's failure to object to the trial court's imposition of the maximum term of incarceration as in violation of Due Process and the Ex Post Facto Clause, since this claim is without any merit. He likewise cannot establish the ineffective assistance of counsel based upon his attorney's failure to object to reference to prior outstanding warrants, as the state appellate court has determined that this evidence was admissible under Ohio law. Further, this Court agrees with the appellate court's conclusion that petitioner cannot establish prejudice, as that term is defined under *Strickland*, from admission of such evidence.

Petitioner argues at length that the evidence was constitutionally insufficient to sustain his convictions, in view of the lack of fingerprint evidence, because the victim was unable to positively identify him as the perpetrator, and because no expert witness testified that the footprints in the snow leading to and from the house definitely matched those of the boots that petitioner was found wearing. *See Traverse*. This claim, however, is waived due to petitioner's failure to raise the issue on direct appeal. Further, and contrary to

petitioner's protestations here, the record does not reflect that he is actually innocent of the charge against him.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." FN5 Id. at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id*. at 321, 115 S.Ct. 851.

*Souter v. Jones,* 395 F.3d 577, 589-90 (2005). Such are not the circumstances here. Petitioner's conviction may be sustained based on circumstantial evidence alone. *See Tucker v. Palmer*, 541 F.3d 652, 657 (6th Cir. 2008), citing *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006); *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994); *Holland v. United States*, 348 U.S. 121, 140 (1954).

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel
United States Magistrate Judge